IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOYCE MANUFACTURING CO. AND JOYCE FACTORY DIRECT, LLC, ) ) ) | Case No. 1:17-cv-0840 |
| Plaintiffs, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) ) ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| MIDWEST INVESTMENT SERVICES GROUP, INC., ) ) ) ) | **REPORT & RECOMMENDATION** |
| Defendants. | |

**I.    Introduction**

On September 5, 2018, the court referred plaintiffs' motion to enforce settlement (ECF Docs. 22) to the undersigned for report and recommendation. The matter was scheduled for a hearing on November 15, 2018. ECF Doc. 36. However, the hearing did not go forward because Defendant Stephen Townzen died unexpectedly on Saturday, November 10, 2018. ECF Doc. 40-1 at Page ID# 232. Plaintiffs' counsel appeared for the November 15th hearing and informed the court of Mr. Townzen's death. The court ordered plaintiffs to file a supplemental brief in support of the motion to enforce settlement agreement with an amended prayer for relief taking into account the impact of Mr. Townzen's death. ECF Doc 37. Plaintiffs filed a supplemental brief in support with an amended prayer on November 28, 2018. ECF Doc. 40.

Because plaintiffs have shown that defendants, Midwest Investment Services Group, Inc. and Stephen Townzen, breached the settlement agreement and because this court retained

jurisdiction to enforce the settlement agreement, I recommend that the court GRANT plaintiffs' motion to enforce the settlement agreement and issue judgment as requested in plaintiff's supplemental brief in support, with the exclusion of attorneys' fees as the settlement agreement has no provision requiring the award of the same.  I recommend that the court substitute the Estate of Stephen Townzen for Defendant Townzen as requested by plaintiffs.  I further recommend that the court DENY, as moot, plaintiffs' motion for finding of contempt, which plaintiffs' have withdrawn.

**II.     Law & Analysis**

"Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out." *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir. 1976).  Courts, therefore, should uphold settlement agreements whenever equitable and policy considerations allow.  *Id.*

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation."  *Kukla v. National Distillers Prods., Co.,* 483 F.2d 619, 621 (6th Cir. 1973) (citations omitted).  Before enforcing a settlement agreement, however, a district court must conclude that the parties have reached an agreement on all materials terms.  *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir. 1988).  Courts are empowered to summarily enforce settlement agreements in order to promote the policy of speedy and reasonable resolution to disputes.  *Aro,* 531 F.2d at 1372.

Here, the parties reached an agreement on all material terms.  They documented the terms of their agreement in a Settlement Agreement and Mutual Release prepared by and reviewed by

counsel. ECF Doc. 21-2 at Page ID# 166-171. The court scheduled a hearing, affording defendants an opportunity to be heard. ECF Doc. 36. Defendants did not appear and have not filed any response to plaintiffs' motion to enforce or its supplement. Plaintiffs withdrew their motion to find defendants in contempt. Further, plaintiffs do not seek judgment against defendants, Samantha Townzen or the Townzen Family Company, LLC. ECF Doc. 40 at Page ID# 228. This decision is consistent with the terms of the settlement agreement, which only imposed obligations upon the decedent, Stephen Townzen and Midwest Investment Services Group, Inc. and none upon Samantha Townzen or Townzen Family Company, LLC.

### III. Recommendation

Based upon the terms of the settlement agreement and the affidavit of Thomas C. Schrader, I recommend that the Court grant judgment in favor of plaintiffs, Joyce Manufacturing Co. and Joyce Factory Direct, LLC, in the amount of $125,000.00, plus interest, against defendants, Midwest Investment Services Group, Inc. and the Estate of Stephen Townzen[1], jointly and severally. I do not recommend an award of attorneys' fees, as requested by plaintiffs, because the settlement agreement provides that each party is to bear their own court costs and attorneys' fees. ECF Doc. 21-2 at Page ID#168. Plaintiffs have not shown that the settlement agreement entitled them to attorneys' fees. Because withdrawn by plaintiffs, I recommend that the court DENY, as moot, plaintiff's motion for a contempt finding.

Dated: December 28, 2018

Thomas M. Parker
United States Magistrate Judge

---

[1] Plaintiffs seek substitution pursuant to Fed. R. Civ. P. 25(a)(1). ECF Doc. 40 at Page ID# 228.

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).