UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE MANUFACTURING CO. AND JOYCE FACTORY DIRECT, LLC. | ) ) ) | CASE NO.1:17CV840 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| MIDWEST INVESTMENT SERVICES GROUP, INC. ET AL., | ) ) ) | OPINION AND ORDER |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs Joyce Manufacturing Co.'s and Joyce Factory Direct, LLC.'s Motion to Enforce Settlement. (ECF # 22). The Motion was referred to the Magistrate Judge for a Report and Recommendation. On December 28, 2018, the Magistrate Judge issued his Report and Recommendation recommending that the Court grant, in part, Plaintiffs' Motion. (ECF # 41). For the following reasons, the Court adopts, in part, the Magistrate Judge's Report and Recommendation.

On November 6, 2017, the parties in the above-captioned case reached a settlement on Plaintiffs' claims for Breach of Contract, Breach of a Personal Guaranty, Fraud, Civil Conspiracy, Violation of Ohio Deceptive Trade Practices Act, Unfair Competition and

Injunctive Relief against Defendants Midwest Investments, Services Group, Inc., Steven Townzen, Townzen Family Company, LLC, and Samantha Townzen.

On September 5, 2018, Plaintiffs filed their Motion to Enforce Settlement, Motion to Issue Finding of Contempt, and Motion to Award Attorney's Fees. The matter was then referred to the Magistrate Judge for a Report and Recommendation on October 1, 2018. Counsel for Defendants subsequently moved to withdraw and those motions were granted by the Magistrate Judge on November 6, 2018. That same day, the Magistrate Judge issued an order setting a hearing on Plaintiffs' Motion to Enforce for November 15, 2018. The Order informed Defendants that they must retain new counsel or appear pro se at the November 15, 2018 hearing. The Order was mailed to each Defendants' address of record.

On November 15, 2018, the hearing did not go forward because Defendants did not appear. Instead, the Court held an *ex parte* conference with Plaintiffs' counsel who informed the Court that Defendant Stephen Townzen had passed away recently. The Magistrate Judge ordered Plaintiff to submit a supplemental brief in support of Plaintiffs' Motion to Enforce and to include an amended prayer for relief. Plaintiffs filed their supplemental brief on November 28, 2018. In their supplemental brief, Plaintiffs informed the Magistrate Judge that Stephen Townzen had died on November 10, 2018. Plaintiffs requested judgment against Defendants Midwest and Stephen Townzen for monies owed on a promissory note and the settlement agreement in the amount of $125,000 jointly and severally. Plaintiffs disclaimed any judgment against Samantha Townzen or the Townzen Family Company, LLC. Plaintiffs further withdrew their Motion for Contempt.

Plaintiffs concluded their supplemental brief with the request that the Court "enforce

the terms of the mutually agreed-upon settlement by entering judgment in favor of Plaintiffs in the amount of $125,000, plus interest and attorneys' fees, against Defendants Midwest Investment Services Group, Inc. and Stephen Townzen (or his estate per Fed. R. Civ. P. 25) jointly and severally.

## LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge. Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir.

1998).

There being no objection, the Court accepts and adopts the Magistrate Judge's recommendation that judgment be granted in favor of Plaintiffs and against Defendant Midwest Investment Services Group, Inc. in the amount of $125,000 plus interest, as the undisputed evidence demonstrates that Midwest agreed to settlement of Plaintiffs' claims. The Magistrate Judge found and the Court agrees that the amount owed under the terms of the settlement is $125,000 plus interest.

The Court further adopts the Magistrate Judge's recommendation that no attorneys' fees be awarded as the settlement agreement did not contemplate such an award. The Court also finds that Plaintiffs' Motion for Contempt is moot per Plaintiffs' withdrawal of the Motion.

The Court does not adopt the Magistrate Judge's recommendation that judgment also be entered against the Estate of Stephen Townzen. Fed R. Civ. P. 25 requires that a party move within ninety days after the suggestion of death for substitution of the deceased party. There is nothing in the record demonstrating any party made such a motion. Rather, Plaintiffs merely requested judgment against the Estate of Stephen Townzen in their Supplemental Brief. There is nothing in the record demonstrating service on the Estate or that an estate has been opened. It is axiomatic that a judgment cannot be entered against an party that has not been served. See *Greene v. PTS Of Am., LLC,* No. 3:15-00145, 2016 WL 1701964, at *1 (M.D. Tenn. Apr. 28, 2016). ("A judgment is void under Subsection (b)(4) of Rule 60 if the defendant has not been properly served with process enabling the court to have personal jurisdiction over the defendant to adjudicate the rights of the parties.") Citing *Wells v.*

*Rhodes,* 592 Fed. Appx. 373, 376-79 (6th Cir. 2014); *O.J. Distributing, Inc. V. Hornell Brewing Co., Inc.,* 340 F.3d 345 (6th Cir. 2003). With no record of service on the party to be substituted, any judgment would be void as the party to be substituted as they would not have had the opportunity to defend the judgment.

Pursuant to Fed R. Civ. P 25(a)(1), any party or the decedent's successor or representative may move for substitution. "If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed." Furthermore, the motion to substitute must be served on the parties and the nonparty to be substituted. See Fed. R. Civ. P. 25(a)(3). The record does not reflect a proper motion to substitute or service on the party to be substituted.

Therefore, the Court will not enter judgment against the Estate of Stephen Townzen as the docket does not reflect either the existence of an Estate or service of process on the Estate. Should Plaintiffs seek to pursue judgment against the Estate of Stephen Townzen they must comply with the requirements of Fed. R. Civ. P. 25 and move to substitute within 90 days of the notice of death which the Court finds to be November 28, 2018, per the supplemental brief. They must further serve the Estate and the Estate must be given an opportunity to oppose the judgment before any judgment may be entered against it.

Therefore, for the foregoing reasons, the Court adopts, in part, the Magistrate Judge's Recommendation and grants, in part, Plaintiffs' Motion to Enforce the Settlement (ECF #21). Judgment is entered against Defendant Midwest Investments Services Group, Inc. in the amount of $125,000 plus interest. The Court also adopts the Magistrate Judge's recommendation denying Plaintiffs' attorneys fees and finding the Motion for Contempt

moot. The Court rejects the Magistrate Judge's recommendation that the Court enter judgment against the Estate of Stephen Townzen at this time subject to revisitation after proper substitution and service.

    IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                   CHRISTOPHER A. BOYKO
                                                   United States District Judge

Dated: January 18, 2019